**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| BRIO SYSTEMS, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Case No. 23-10670 (JKS) |
| | ) | |
| | ) | |
| | ) | |
| ALFRED T. GIULLIANO, solely and in his | ) | |
| capacity as Chapter 7 Trustee of Brio Systems, Inc. | ) | |
| | ) | Adv. Pro. No. 25-50955 (JKS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE ARGO COLLECTIVE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ANSWER TO TRUSTEE'S AMENDED COMPLAINT TO AVOID AND RECOVER
TRANSFERS PURSUANT TO 11 U.S.C. §§ 101, 105, 547, 548 AND 550
AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

The Argo Collective LLC ("Defendant"), by and through its undersigned counsel, hereby files this Answer to the Complaint (the "Complaint") filed by Alfred T. Guiliano, solely and in his capacity as Chapter 7 Trustee (the "Trustee") of Brio Systems, Inc. (the "Debtor") to Avoid and Recover Transfers Pursuant to 11 U.S.C. §§ 101, 105, 547, 548 and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 and, in support hereof, states as follows:

**NATURE OF THE CASE**

1.      Admitted in part; denied in part. Defendant admits that Plaintiff seeks to avoid and recover from Defendant alleged preferential transfers as alleged in paragraph 1 of the Complaint, but denies the remaining allegations of paragraph 1.

2.　　　　Admitted in part; denied in part. Defendant admits that Plaintiff seeks to disallow any claims Defendant has filed in the chapter 7 case as alleged in paragraph 2 of the Complaint, but denies the remaining allegations of paragraph 2.

## JURISDICTION AND VENUE

3.　　　　Paragraph 3 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

4.　　　　Paragraph 4 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

5.　　　　Paragraph 5 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

6.　　　　Paragraph 6 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

7.　　　　Paragraph 7 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

## THE PARTIES

8.　　　　Defendant states that paragraph 8 of the Complaint sets forth matters of public record regarding Debtor's chapter 7 case reflected in documents that speak for themselves. Defendant denies the allegations in paragraph 8 to the extent they are inconsistent with any matters of public record in the chapter 7 case. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 8, and therefore denies them.

9.　　　　Admitted.

**FACTUAL ALLEGATIONS**

10.     Defendant states that paragraph 10 of the Complaint sets forth matters of public record regarding Debtor's chapter 7 case reflected in documents that speak for themselves. Defendant denies the allegations in paragraph 10 to the extent they are inconsistent with any matters of public record in the chapter 7 case.

11.     Defendant states that paragraph 11 of the Complaint sets forth matters of public record regarding Debtor's chapter 7 case reflected in documents that speak for themselves. Defendant denies the allegations in paragraph 11 to the extent they are inconsistent with any matters of public record in the chapter 7 case.

12.     Defendant states that paragraph 12 of the Complaint sets forth matters of public record regarding Debtor's chapter 7 case reflected in documents that speak for themselves. Defendant denies the allegations in paragraph 12 to the extent they are inconsistent with any matters of public record in the chapter 7 case.

13.     Denied.

14.     Defendant is without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint, and therefore denies same.

**PRE-PETITION DATE TRANSFERS**

15.     Defendant is without knowledge or information to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint, and therefore denies them.

16.     Admitted.

17.     Admitted.

18.     Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 18, and therefore denies them.

3

19.    Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 19, and therefore denies them.

20.    Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 20, and therefore denies them.

21.    Defendant denies the allegations set forth in the first sentence of paragraph 21. Defendant is without sufficient information to admit or deny the material allegations in the second sentence of paragraph 21, and therefore denies them.

22.    Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 22, and therefore denies them.

23.    The allegations in paragraph 24 set forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

24.    Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

25.    Admitted.

26.    Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 26, and therefore denies them.

27.    Admitted.

28.    Paragraph 28 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

29.    Admitted.

30.     Paragraph 30 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant is without sufficient information to admit or deny the material allegations in paragraph 30, and therefore denies them.

31.     Paragraph 31 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

32.     Denied. Defendant is without sufficient information to admit or deny the material allegations in paragraph 32, and therefore denies them.

33.     Paragraph 33 of the Complaint sets forth statements or conclusions of law to which no response is required.

**Second Claim for Relief**
**(Avoidance of Fraudulent Conveyances -11 U.S.C. § 548(a)(1)(B)**

34.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

35.     Paragraph 35 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

36.     Paragraph 36 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

**Third Claim for Relief**
**(Recovery of Avoided Transfers – 11 U.S.C. § 550)**

37.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

38.     Paragraph 38 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

39.     Paragraph 39 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

40.     Paragraph 40 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

**Fourth Claim for Relief**
**(Disallowance of All Claims 11 U.S.C. § 502(d))**

41.     Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

42.     Paragraph 42 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

43.     Paragraph 43 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

44.     Paragraph 44 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

## RESERVATION OF RIGHTS

45.     Paragraph 45 of the Complaint sets forth statements or conclusions of law to which no response is required. To the extent any facts are alleged, Defendant denies them.

## AFFIRMATIVE DEFENSES

1.     Pursuant to 11 U.S.C. § 547(c)(1), Plaintiff may not avoid the transfers alleged herein because the transfers were made for contemporaneous exchanges for new value given to the Debtor, and, in fact, were substantially contemporaneous exchanges for new value.

2.     Pursuant to 11 U.S.C. § 547(c)(2)(A), Plaintiff may not avoid the transfers alleged herein because the transfers were made in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and Defendant and made in the ordinary course of business or financial affairs of the Debtor and Defendant.

6

3.	Pursuant to 11 U.S.C. § 547(c)(2)(B), Plaintiff may not avoid the transfers alleged herein because the transfers were made in the ordinary course of business or financial affairs of the Debtor and Defendant and were made according to ordinary business terms.

4.	Pursuant to 11 U.S.C. § 547(c)(4), Plaintiff may not avoid the transfers alleged herein because the transfers were made to or for the benefit of Defendant resulting in new value to or for the benefit of the Debtor, which were not secured by an otherwise avoidable security interest and on account of which new value, the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

5.	Plaintiff may not recover from Defendant as the transfer was not made to or for the benefit of a creditor pursuant to 11 U.S.C. § 547(b)(1).

6.	Plaintiff may not recover from Defendant as the transfer was not made for or on account of an antecedent debt owed by the Debtor before such transfer was made, pursuant to 11 U.S.C. § 547(b)(2).

7.	Defendant asserts the affirmative defense of the statute of limitations.

8.	Defendant took any alleged transfer from the Debtor in good faith and is entitled to retain such transfer to the extent of the value given within the provisions of 11 U.S.C. § 548(c).

9.	To the extent that a contract existed between Defendant and the Debtor, and was assumed, or assumed and assigned, by the Plaintiff or the Debtor under 11 U.S.C. § 365, the Plaintiff are estopped from pursuing the claims asserted in the Complaint.

10.	Defendant reserves the right to raise additional affirmative defenses and/or withdraw any of the foregoing affirmative defenses as may become necessary during the investigation and discovery of this action.

**WHEREFORE**, Defendant prays that Plaintiff take nothing by way of its Complaint and that judgment be granted in favor of Defendant; that Defendant be awarded its costs and attorney's fees; and for all other just and proper relief.

Dated:  April 20, 2026
Wilmington, Delaware

GELLERT SEITZ BUSENKELL & BROWN, LLC

*/s/ Michael Busenkell*
Michael Busenkell (3933)
1201 N. Orange St., Ste. 300
Wilmington, DE 19801
Telephone: (302) 416-3357
mbusenkell@gsbblaw.com

*Counsel to Defendant The Argo Collective LLC*